495-07/MEU/JPG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
ARTEMIS SEACARRIERS LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Jan P. Gisholt (JG 3768)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07-Civ-

JUDGE CROTTY

07 CIV 9348

------------------------------------------------------------x
ARTEMIS SEACARRIERS LTD.,

                       Plaintiff,

   - against –

SHANXI INTERNATIONAL
COUNTERTRADE CORP.,

                       Defendant.
------------------------------------------------------------x

**VERIFIED COMPLAINT**

RECEIVED OCT 18 2007 U.S.D.C. S.D.N.Y. CASHIERS

        Plaintiff, ARTEMIS SEACARRIERS LTD., (hereinafter "ARTEMIS") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SHANXI INTERNATIONAL COUNTERTRADE CORP. (hereinafter "SICC") alleges upon information and belief as follows:

        1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2

2. At all times relevant hereto, ARTEMIS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Exhange Buildings Republic Street, Valetta, VLT 05 Malta.

3. At all times relevant hereto, SICC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 110 North Taiyuan Road, Taiyuan, Shanxi, China.

4. On or about October 25, 2006, ARTEMIS as owner of the M/V ALFA, entered into a charter party agreement on an amended GENCON form with SICC, as charterer, for carriage of approximately 18,000 metric tons of coke from Xingang, China to Sao Francisco do Sul, Brazil.

5. The charter provided that freight was payable at the rate of US$ 95.00 per metric ton and required SICC to pay freight, deadfreight and demurrage in full and on time.

6. A final freight statement was issued by ARTEMIS to SICC on February 1, 2007, which reflected a balance owed to ARTEMIS by SICC in the amount of US$158,222.46.

7. In breach of the charter, SICC failed to pay the balance due to ARTEMIS in full or on time.

8. SICC requested and ARTEMIS agreed to remit the balance due under the final freight statement in three weekly installments commencing in April 2007.

9. While SICC made the first two installments, SICC failed to make the third installment payment of US$ 57,950.42.

10. Although duly demanded of SICC, no part of the outstanding sum due has been paid to ARTEMIS.

11. The charter party provides that all disputes arising thereunder are to be resolved in London arbitration with English law to apply. This action is brought to obtain security in favor

of Plaintiff ARTEMIS in respect to its claim against Defendant SICC in aid of London the pending arbitration proceedings, and, to the extent necessary, to compel Defendant SICC to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

12. This action is further brought to obtain security for any additional sums to cover Plaintiff ARTEMIS's anticipated costs in arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

13. Upon information and belief, and after investigation, Defendant SICC cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

14. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by ARTEMIS against SICC includes:

    a. Outstanding sums due under the final freight statement in the amount of $57,950.42;

 b. Interest of $9,947.73 on the above item, calculated at the rate of 8% per annum, compounded quarterly, for 2 years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

 c. Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be GBP 4375 ($8,934.04);

**For a total sought to be attached in the sum of $76,832.19.**

WHEREFORE, Plaintiff ARTEMIS SEACARRIERS LTD. prays:

 a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $57,950.42 plus interest, costs and attorneys fees;

 b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$76,832.19,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served

with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.   That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.   For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
October 18, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ARTEMIS SEACARRIERS LTD.

By: _____
Michael E. Unger (MU 0045)
Jan P. Gisholt (JG 3768)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## **ATTORNEY VERIFICATION**

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
18th day of October, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08